UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:08-CR-210 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY MINCEY | ) | |
| _____ | ) | |


TRANSCRIPT OF PLEA AND RULE 11 HEARING
BEFORE THE HONORABLE CARL HORN, III
UNITED STATES MAGISTRATE JUDGE
JANUARY 30, 2009




APPEARANCES:

On Behalf of the Government:

    ROBERT GLEASON
    Assistant United States Attorney
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina 28202

On Behalf of the Defendant:

    SCOTT GSELL
    212 South Tryon Street
    Suite 1360
    Charlotte, North Carolina 28281




LAURA ANDERSEN, RMR
Official Court Reporter
United States District Court
Charlotte, North Carolina

1                P R O C E E D I N G S

2           THE COURT:  All right.  Let me ask all four of you

3      to please stand and be placed under oath.

4      (Thereupon, Anthony Mincey, was duly sworn.)

5           THE COURT:  All right.  Now, we have present

6      Anthony Mincey, Scott McClain, Serpico Myrie and Luis

7      Alberto Servin-Sanchez, all represented by counsel.

8           We're here for a Plea and Rule 11 Hearing, where

9      it will be determined whether your plea is knowingly and

10     voluntarily entered and made.

11          I'm going to be asking a series of questions.

12     Most of these questions will be asked to all four of you.

13     Please answer out loud so that your answers can be recorded,

14     and if we have to ever have a transcript of this proceeding,

15     it can be accurate.

16          If you need to say just more than yes or no to

17     these questions, by all means let us know that, and you can

18     say whatever you need to say.

19          From time to time during the hearing, I'll address

20     individual questions to you.  Unless I make it clear I'm

21     speaking to just one of you, I'm asking these questions of

22     all four of you.

23          So please do answer out loud so that those

24     microphones on the table in front of can record your

25     answers.

1          And with that background, do you each understand

2     that you are under oath; that you are required to give

3     truthful answers to these questions; and that if you were to

4     give false information under oath, that you could be

5     prosecuted for perjury or for making false statements?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, let's see.  We've got Mr. Myrie.

8     I want you to pull up to the table.  I want you to quit

9     wiggling your legs.  Just be still.  Come on up to the table

10    so your answers can be recorded.  And I want all four of you

11    answer a little louder from this point on.

12          After consulting with your attorneys, do you want

13    the Court to accept your guilty plea to one or more counts

14    in each of your indictments?

15          THE DEFENDANT:  Yes.

16          THE COURT:  After consulting with your attorney,

17    do you want the Court -- I've already asked you that.

18          Do you understand you have the right to have a

19    U.S. district judge to conduct this hearing, and in light of

20    that right do you consent to proceed in this court before a

21    magistrate judge?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Are any of you under the influence of

24    alcohol, medicines or drugs of any sort?

25          THE DEFENDANT:  No.

1    THE COURT:  Are your minds clear, and do you

2  understand that you are here to enter a guilty plea that can

3  not later be withdrawn?

4    THE DEFENDANT:  Yes.

5    THE COURT:  All right.  Let's now go over those

6  charges, and I will do that individually.  And I'll begin

7  with Mr. Mincey.

8    Mr. Mincey, according to your Plea Agreement, you

9  will be pleading guilty to Counts Two, Three and Four.

10    Is there a Plea Agreement with Mr. Mincey?

11    MR. GLEASON:  Yes, Your Honor.

12    THE COURT:  And the other defendants are pleading

13  straight up or without the benefit of a Plea Agreement, but

14  with Mr. Mincey there is an agreement.

15    Count Two charges that Mr. Mincey committed

16  aggravated identity theft.  And specifically, that on or

17  about April 2nd, 2008, in Mecklenburg County, North

18  Carolina, Mr. Mincey, aiding and abetting Schrell Denise

19  Mincey, and others known or unknown to the Grand Jury,

20  during and in relation to the commission of bank fraud,

21  knowingly transferred, possessed and used without lawful

22  authority, the means of identification of another person,

23  and specifically, a Wachovia debit card, which is described

24  as an access device under federal law.

25    This charge carries a two year additional or

1   consecutive term of imprisonment, and a fine of up to

2   $250,000 upon conviction.

3         That means in addition to the charges in Count

4   Three and Count Four, which charge bank fraud and another

5   count of aggravated identity theft.

6         Count Three charges that on or about the

7   twenty-third of April, 2008, also here in Mecklenburg

8   County, North Carolina, that you and Schrell Denise Mincey,

9   aiding and abetting one another, knowingly executed a scheme

10   and artifice to defraud Wachovia Bank, the deposits of which

11   were then federally insured.  The purpose of which was to

12   obtain money and funds owned by and under the custody and

13   control of this financial institution.

14         It's alleged that you accomplished this by means

15   of false and fraudulent pretenses and representations and

16   promises, all in violation of the bank fraud statute, and

17   the aiding and abetting statute, and Title 18 of the United

18   States Code.

19         The bank fraud statute carries a 30 year maximum

20   term of imprisonment, and a fine of up to $1 million upon

21   conviction.

22         And the third and final charge which your Plea

23   Agreement indicates you intend to plead guilty to is Count

24   Four, which alleges on or about that same date, April 23rd,

25   2008, that you again, along with Schrell Denise Mincey,

Case 3:08-cr-00210-RJC   Document 56   Filed 11/06/09   Page 5 of 26

1    aiding and abetting one another, during and in relation to

2    the commission of bank fraud, knowingly transferred,

3    possessed and used without lawful authority, the means of

4    identification of another person, again, a Wachovia debit

5    card.

6            All in violation of Title 18, U.S. Code, Section

7    1028(a)(1), and aiding and abetting statute Section 2.  As

8    in Count Two, that carries a two year consecutive, which

9    means additional term of imprisonment, and another maximum

10   fine of up to $250,000.

11           Mr. Mincey, do you understand that those are the

12   three charges to which you're pleading guilty, and the

13   penalties you face if convicted?

14           THE DEFENDANT:  Yes.

15           THE COURT:  And then next Mr. McClain.

16           Mr. McClain is pleading guilty to Count One of a

17   one count Bill of Indictment.  It is alleged that on or

18   about July 17th, 2008, here in Mecklenburg County, North

19   Carolina -- that you, after having been previously convicted

20   of a crime, punishable by imprisonment for a term exceeding

21   one year, knowingly possessed a firearm, in and affecting

22   interstate commerce, specifically a Lorcin .380 caliber

23   pistol.  It is alleged that the crime for which you were

24   convicted, was a conviction for possession with intent to

25   sell or deliver marijuana, in Mecklenburg County, Superior

1    Court, on or about April 9th, 2007.

2            Is there any allegation or thought that

3    Mr. McClain might qualify as an armed career criminal?

4            MR. WEIDNER:  Your Honor, I have seen no

5    indication whatsoever in discovery that that's a

6    possibility.

7            MR. GLEASON:  Your Honor, I don't believe he is.

8    But Your Honor, out of an abundance of caution, I would

9    advise him of that penalty.

10           Because, Your Honor, I've had at least one case

11   come back where both parties thought that the person was not

12   an armed career criminal, and then later it came out that

13   the probation office discovered that he was.  And that case

14   came back from the Fourth Circuit.

15           So, Your Honor, I'm asking that he be advised out

16   of an abundance of caution of that penalty, although I do

17   not think that he is.

18           THE COURT:  Thank you, Mr. Gleason.

19           Mr. McClain, assuming you're not an armed career

20   criminal, you would face a 10 year maximum term of

21   imprisonment, and a fine of up to $250,000 on this

22   conviction for this offense.

23           If you had three prior convictions, and the

24   prosecutor has said he does not think you do.  Your lawyer

25   has said he does not think you do.  But if you did have

1   three prior convictions for serious drug offenses. Which is

2   to say, drug offenses that could have brought you a 10 year

3   or greater term of imprisonment, and/or convictions for

4   violent felons, as that term is defined under federal law.

5   You had three of those, either or in combination, you would

6   face a 15 year minimum term of imprisonment on this charge,

7   and a maximum of life imprisonment. The fine would not

8   change.

9         As I said, neither your lawyer nor the government

10   lawyer at this time thinks that you qualify for those

11   enhanced sentences.

12         But do you understand that this is the charge to

13   which you are pleading guilty; and these are the penalties

14   and potential penalties you face if convicted?

15         THE DEFENDANT: Yes, sir.

16         THE COURT: And Mr. Myrie, you are charged in

17   three counts.

18         It's alleged that on or about April 29th, 2008 in

19   Mecklenburg County, North Carolina, that you knowingly and

20   intentionally possessed with intent to distribute it,

21   controlled substance, specifically 5 grams or more of a

22   mixture and substance containing cocaine base, which is

23   commonly referred to as crack cocaine.

24         Count Two charges that on or about the same date,

25   April 29th, 2008, you knowingly and intentionally possessed

1    a firearm in furtherance of this drug trafficking crime as

2    charged in Count One.

3         And the third charge is that you were a convicted

4    felon on that date, and therefore your possessing a Ruger

5    9mm pistol on that date, violated the statute prohibiting

6    possession of a firearm by a convicted felon.

7         Is there any 851 notice filed in this case?

8         MR. GLEASON:  Yes, Your Honor.

9         THE COURT:  One or more convictions?

10        MR. GLEASON:  Yes, sir.

11        THE COURT:  And is there any possibility that

12    Mr. Myrie might be an armed career criminal?

13        MR. GLEASON:  There is a possibility, I don't

14    think so, but he's facing at least a minimum 10, possibly a

15    minimum of 15 years.

16        THE COURT:  Mr. Myrie, based on the government's

17    notice their intent to seek an enhanced sentence, based on

18    your prior drug conviction or convictions, your otherwise 5

19    year minimum, becomes a 10 year minimum term of

20    imprisonment, and your maximum becomes life imprisonment.

21    You face a maximum fine of $4 million.  This would be the

22    charge and the penalties on Count One.

23        Now, the second count is a 924(c) charge; that is

24    the charge that you used, carried or possessed -- actually I

25    don't think they charge using and carrying, just possessing

Case 3:08-cr-00210-RJC   Document 56   Filed 11/06/09   Page 9 of 26

1   in furtherance of drug trafficking of a firearm on

2   April 29th.  That carries a 5 year consecutive or additional

3   term of imprisonment, up to life imprisonment.  Any sentence

4   on Count Two having to be imposed in addition to or

5   consecutively to the charge in Count One -- for the

6   penalties for the charge in Count One.

7           You face a fine of up to $250,000 upon conviction

8   on Count Two.

9           Finally Count Three, alleges again, the felon in

10  possession of a firearm.  If you're not an armed career

11  criminal, you face a 10 year maximum term of imprisonment on

12  that count.  If you are, you'd face a 15 year minimum term

13  of imprisonment on that charge, and a fine of up to

14  $250,000.

15          If you are considered an armed career criminal,

16  the maximum, as in Count Two, would be life imprisonment.

17          Now, Mr. Myrie, do you understand those are the

18  three charges to which you're pleading guilty and the

19  penalties you face if you're convicted?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  All right.  Mr. Servin-Sanchez.  Yours

22  is a one-count Bill of Indictment, which alleges that on or

23  about October 5th, 2008, here in Mecklenburg, North

24  Carolina, after you had been deported from the United

25  States, and without permission having been given by the

1    Attorney General of the United States, or the Secretary of

2    Homeland Security, that you returned to the United States,

3    that you were found in the United States, after having been

4    deported or removed, after the commission of an aggravated

5    felony.

6             Because of the aggravated felony allegation, you

7    face a 20 year maximum term of imprisonment if convicted of

8    this charge, and a fine of up to $250,000.

9             Now, Mr. Servin-Sanchez, you understand those are

10   the charges to which you are pleading guilty, and the

11   penalties you face if convicted?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Now, I'm back to speaking again to all

14   four of you.  So continue please to speak up out loud as you

15   have up to this point.

16             Do each of you -- or have you each spoken with

17   your attorney, about how the United States Sentencing

18   Guidelines might apply in your case; and do you understand

19   that the district judge will not be able to determine what

20   Sentencing Guidelines applies until after you and your

21   attorney have gone over your Presentence Report prepared by

22   the probation office, and commented on that report?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that in some

25   circumstances you may receive a sentence that is either

1   lower or higher than that called for by the Sentencing

2   Guidelines?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Do you each understand that if it

5   applies in your case, the Court could order you to pay back

6   money, which we call "restitution"?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Do you each understand that if the

9   sentence is more severe than you expected, or the Court does

10   not accept a lower recommendation from the government should

11   they make one, that you will still be bound by your guilty

12   plea and will have no right to withdraw it?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Do you understand that parole has been

15   abolished.  And if you receive an active term of

16   imprisonment, that you will not be released on parole?

17           THE DEFENDANT:  Yes.

18           THE COURT:  At the conclusion of your sentence,

19   you will be released on supervised release.  Which means

20   you'll be supervised by a federal probation officer, and

21   have to follow certain rules and conditions.  And if you

22   were to violate the rules or conditions of your supervised

23   release, you could be returned to prison for an additional

24   period of time on these charges; do you all four understand

25   that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand you have the right

3     to plead not guilty, to have a speedy trial before a judge

4     and jury, summons witnesses to testify for you, and to

5     confront any witnesses against you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you exercise your right to trial,

8     you would be entitled to the assistance of a lawyer, you

9     would not be required to testify, you would be presumed

10    innocent, and the burden would be on the government to prove

11    your guilt beyond a reasonable doubt; do you understand all

12    those rights?

13         THE DEFENDANT:  Yes.

14         THE COURT:  By entering your guilty plea this

15    afternoon, you're waiving or giving up certain rights,

16    including your right to trial.  There will not be a trial.

17    There will be one more hearing where the district judge will

18    simply determine whether there is a factual basis for your

19    guilty plea, and what sentence to impose; do you all

20    understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Mr. Mincey, are you guilty of these

23    charges we've gone over in Counts Two, Three and Four of

24    your indictment?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Mr. McClain, are you guilty of Count

2  One in your indictment?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And Mr. Myrie, are you guilty of

5  Counts One, Two and Three in your indictment?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And Mr. Servin-Sanchez, are you guilty

8  of Count One in your indictment?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Now, let me ask counsel of the

11  defendants who do not have Plea Agreements, whether there

12  are any terms or conditions or understandings with the

13  United States attorney's office that should be put on the

14  record at this time, there being no written Plea Agreement

15  in these cases?

16          First of all, I will ask Ms. Gebre-Egziabher about

17  Mr. Servin-Sanchez.

18          MS. GEBRE-EGZIABHER:  There is nothing, Your

19  Honor.

20          THE COURT:  Okay.

21          And next, Mr. Cacheris in regard to Mr. Myrie?

22          MR. CACHERIS:  Nothing, Your Honor.

23          THE COURT:  And then Mr. Weidner, in regard to

24  Mr. McClain?

25          MR. WEIDNER:  Nothing, Your Honor.

1        THE COURT:  And Mr. Gleason, are you going to

2   summarize the Plea Agreement with Mr. Mincey?

3        MR. GLEASON:  Yes, Your Honor.

4        Your Honor, the following summary of some of the

5   main provisions of the Plea Agreement between the United

6   States and Anthony Dewayne Mincey.

7        Section one; Plea.  The defendant agrees to enter

8   a voluntary plea of guilty to Counts Two, Three and Four, as

9   set forth in the Bill of Indictment, and admits to being in

10  fact guilty as charged in those counts.

11       The United States will move at the appropriate

12  time to dismiss Count One in the Bill of Indictment.

13       Section two, Sentence.  The Court has already

14  covered with the defendant the statutory minimum and maximum

15  sentences for each of the offenses that he is pleading

16  guilty to.

17       Other provisions include that, provided the

18  defendant clearly accepts responsibility for his offense, as

19  well as all relevant conduct, the government will recommend

20  a two-level reduction in offense level.  And that, Your

21  Honor, would be in connection with Count Three.

22       Additionally, if the defendant has timely provided

23  information to the government concerning his involvement in

24  the offense as charged, or has timely notified authorities

25  of his intention to plead guilty, the government will

1   recommend an additional one-level reduction.  And that will

2   also pertain to the sentence in Count Three.

3           The United States agrees to recommend that the

4   sentences in Counts Two and Four, those are the two

5   aggravated identity theft counts, be run concurrently with

6   one another.

7           The resulting two year sentence, will be run by

8   law, consecutively to the Guideline sentence in Count Three.

9   The government therefore recommends that the defendant

10  receive a Guideline range sentence in Count Three, followed

11  by a two year consecutive sentence of imprisonment.

12          The United States agrees that it will not pursue

13  any further federal criminal charges in the Western District

14  of North Carolina, against defendant for other identity

15  theft offenses committed as a part of defendant's identity

16  theft scheme, in the Western District of North Carolina,

17  from on or about January 2008, through May 2008.

18          The government, however, may consider any such

19  offenses as relevant conduct.

20          Defendant agrees to pay full restitution in this

21  case.

22          Defendant agrees to pay the total amount required

23  for assessment, that being $300 to clerk of court.

24          Section three, Procedure.  The defendant agrees to

25  have Your Honor, a duly qualified federal magistrate judge

Case 3:08-cr-00210-RJC   Document 56   Filed 11/06/09   Page 16 of 26

1  conduct this hearing.

2           With the Court's permission, the factual basis

3  will be deferred until the time of sentencing.

4           The defendant stipulates that there is a factual

5  basis for the plea of guilty, and that the Court may use the

6  offense conduct set out in the presentencing report.

7           Section four, waivers.  The defendant understands

8  and agrees that he is expressly waiving the following

9  rights:

10          To be tried by a jury; to be assisted by an

11  attorney at trial; to confront and cross-examine witnesses;

12  and not to be compelled to incriminate himself.

13          Defendant and defendant's counsel warrant that

14  they have discussed defendant's rights to contest the

15  conviction and/or sentence, through an appeal or

16  post-conviction action, in light of entering into this Plea

17  Agreement.

18          Whether or not there are any potential issues

19  which might be relevant to an appeal or post-conviction

20  action, and the possible impact of any such issue on the

21  desirability of the defendant entering into this Plea

22  Agreement.

23          Defendant waives all such rights to contest

24  conviction and/or sentence, except for claims of ineffective

25  assistance of counsel, or prosecutorial misconduct.

1          Section five, assistance to the government.  If

2     requested by the United States, but only if so requested,

3     the defendant agrees to cooperate with the United States,

4     including but not limited to the following:

5          Defendant will provide truthful information about

6     his charges and any other criminal activity within his

7     knowledge to any government agent or agency; defendant will

8     testify truthfully in a trial, hearing or grand jury

9     proceeding as United States designates.

10          Plea Agreement goes on to describe other potential

11     grounds of cooperation.

12          And when and if the defendant were to assist the

13     government, United States in its sole discretion, would

14     determine whether the assistance has been substantial.

15          Upon determination that the defendant has rendered

16     substantial assistance, the government may make a motion

17     pursuant to Guideline 5K1.1 for imposition of sentence below

18     the applicable Sentencing Guidelines.

19          United States may also, within its sole

20     discretion, move the Court pursuant to 18, U.S. Code,

21     3553(e), to impose a sentence below any applicable statutory

22     mandatory minimum.

23          The defendant understands that if the United

24     States were to make this motion for a downward departure,

25     that the motion is not binding upon the district court, and

1  the Court would determine in its discretion whether to grant

2  or deny any such departure and the extent of that departure.

3          Section six, forfeiture.  The defendant forfeits

4  or otherwise waives any ownership right in all items

5  received in the investigation and acts alleged in the Bill

6  of Indictment, including but not limited to all assets

7  specifically listed in the Bill of Indictment, and all

8  assets listed in any separate list, or consent order signed

9  by the defendant.

10          And then the forfeiture provision continues.

11          And finally in conclusion, Section Seven.  The

12  defendant understands that if he breaches the Plea

13  Agreement, or violates any federal, state or local law, or

14  any order of the Court, the United States will be relieved

15  of its obligations under the Plea Agreement, but the

16  defendant will not be allowed to withdraw his guilty plea.

17          The United States would be free to proceed on any

18  properly filed, dismissed, pending, superseding or

19  additional charges.

20          And finally, there are no agreements,

21  representations or understandings between the parties in

22  this case, other than those explicitly set forth in the Plea

23  Agreement, and none will be entered into unless executed in

24  writing and signed by all parties.

25          That was signed by the defendant, Anthony Dewayne

1  Mincey, on January 14th, 2009; by counsel, Scott Gsell on

2  the same date; and by myself, representative of the United

3  States Government, Robert J. Gleason on January 16th, 2009,

4  filed with the court that day.

5            THE COURT:  Thank you, Mr. Gleason.

6            Mr. Gsell, would you like to add anything to that

7  summary?

8            MR. GSELL:  No, Your Honor.

9            THE COURT:  Mr. Mincey, do you understand those to

10  be the terms of your Plea Agreement with the government, and

11  do you agree with all those terms?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Now, as Mr. Gleason said, do you

14  understand with some very narrow exceptions, you're waiving

15  your right to appeal your conviction or sentence in this

16  Plea Agreement, as well as your right to contest your

17  conviction or sentence in any other post-conviction

18  proceeding?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Mr. Gsell, would you please show your

21  client the signature line.

22            Mr. Mincey, is that your signature on your Plea

23  Agreement?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Has anyone threatened, intimidated or

Laura Andersen, RMR 704-350-7493

1    forced you to enter either your Plea Agreement or your

2    guilty plea today?

3            THE DEFENDANT:  No.

4            THE COURT:  Other than the terms of your Plea

5    Agreement, has anyone made you any promises of leniency, or

6    a light sentence, to induce you to plead guilty?

7            THE DEFENDANT:  No.

8            THE COURT:  Now I want to ask the other three of

9    you a few questions -- or actually two questions.

10           Has anyone threatened, intimidated or otherwise

11   forced you to enter your guilty pleas this afternoon?

12          THE DEFENDANT:  No.

13          THE COURT:  Has anyone made any of you any

14   promises of leniency or a light sentence, to induce you to

15   plead guilty?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Have all four of you had enough time

18   to discuss with your attorney, any possible defenses you may

19   have to these charges?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Mr. Servin-Sanchez, are you satisfied

22   with the services of your attorney?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Would you like to say anything at this

25   time about her services?

1           THE DEFENDANT:  No.

2           THE COURT:  Mr. Myrie, are you satisfied with the

3   services of your attorney?

4           THE DEFENDANT:  Yeah.

5           THE COURT:  Would you like to say anything at this

6   time about his services?

7           THE DEFENDANT:  (Inaudible.)

8           THE COURT:  Is that a, no?

9           THE DEFENDANT:  No.

10          THE COURT:  All right.  Mr. McClain, are you

11  satisfied with the services of your attorney?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Would you like to say anything at this

14  time about those services?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  And finally, Mr. Mincey, are you

17  satisfied with the services of your attorney?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Would you like to say anything at this

20  time about his services?

21          THE DEFENDANT:  No.

22          THE COURT:  Have all four of you heard and

23  understood all parts of this proceeding, and do you still

24  wish to plead guilty?

25          THE DEFENDANT:  Yes.

1      THE COURT:  Before we conclude the hearing, do any

2   of you have any questions or statements you'd like to make?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Okay.  Mr. Mincey.

5           THE DEFENDANT:  To the judge and the prosecutor in

6   this case, first of all I would like to extend my deepest

7   apologies for the situation that I participated in.  I do

8   have remorse for the situation.  If I had a chance to go

9   back and do it all again, I really would.  Because I have

10  five kids that really depending on me.  And I really want to

11  go ahead and get this situation behind me, and become a

12  productive citizen in society, so I can better raise my

13  kids, and teach them to be upstanding citizens.  And knowing

14  that regardless to what you do in life, anything easy is

15  really not worth having.

16          So I ask, at this time, that the Court, also the

17  prosecuting attorney, accept and consider what I'm saying,

18  because I really mean it from the bottom of my heart.  And

19  just actually give me a chance to get back out there and

20  prove myself to society, and do things a lot better and

21  different.

22          THE COURT:  Okay.  That's a very nice statement.

23  And I wish you the very best.

24          THE DEFENDANT:  Thank you, sir.

25          THE COURT:  Does anyone else have any question or

1 statement before we conclude the hearing?

2                    Yes, sir.  This is Mr. McClain.

3                    THE DEFENDANT:  I want to apologize to the Court

4 and to the Judge and everything.  I want to state my

5 situation that at the time that, you know, I hadn't realized

6 what life was about.  Because I really have been in no

7 trouble like this before.  And I really, you know, I'm

8 really feeling this.  I ain't ever want to go through a

9 situation like this again.  I want to get back out there and

10 do something with my life.  I really care about it, and I

11 got people out there who depend on me to do good.  This is a

12 lesson I have learned.  I want to make that clear.

13                    THE COURT:  All right.  Glad to hear that.  And I

14 hope this is the last time you ever have contact with any

15 criminal justice system in your whole life.

16                    THE DEFENDANT:  (Inaudible.)

17                    THE COURT:  Okay.  Do either of you have anything

18 you'd like to say at this time before we conclude the

19 hearing?  Mr. Myrie.

20                    THE DEFENDANT:  (Inaudible.)

21                    THE COURT:  And Mr. Servin-Sanchez?

22                    THE DEFENDANT:  No.

23                    THE COURT:  All right.  Mr. Gsell, have you

24 reviewed each of the terms of Mr. Mincey's Plea Agreement

25 with him, and are you satisfied he understands those terms?

Laura Andersen, RMR 704-350-7493

1        MR. GSELL:  Yes, Your Honor, I have.

2        THE COURT:  And Mr. Weidner, have you reviewed the

3   consequences of Mr. McClain's guilty plea with him, and are

4   you satisfied he understands all those consequences?

5        MR. WEIDNER:  Yes, sir, Your Honor.

6        THE COURT:  Mr. Cacheris, same question to you in

7   regard to Mr. Myrie?

8        MR. CACHERIS:  I do, Your Honor.

9        THE COURT:  And finally, Ms. Gebre-Egziabher, have

10  you reviewed the consequences of Mr. Servin-Sanchez guilty

11  plea with him, and are you satisfied he understands them?

12       MS. GEBRE-EGZIABHER:  Yes, Your Honor.

13       THE COURT:  I will give you these transcripts

14  where I've been noting your answers, and if they're

15  accurate, ask you to please sign them and return them to the

16  court for filing.

17       Should be left to right.

18  (Pause.)

19       THE COURT:  All right.  I have back in hand all

20  four transcripts of our hearing.

21       Based on the representations and answers from each

22  of you and your attorneys, the Court finds that your pleas

23  are knowingly and voluntarily made.  That you do understand

24  the charges, the potential penalties, and the consequences

25  of your guilty pleas, each of which is hereby accepted.

Case 3:08-cr-00210-RJC   Document 56   Filed 11/06/09   Page 25 of 26

1          Good luck to each and every one of you.

2          THE DEFENDANT:  Thank you, Your Honor.

3                    * * * * * *

4    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF NORTH CAROLINA
5    CERTIFICATE OF REPORTER


6
          I, Laura Andersen, Official Court Reporter,
7    certify that the foregoing transcript is a true and correct
     transcript of the tape-recorded proceedings transcribed
8    under my direction.

9          Dated this the 6th day of November, 2009.

10

11                         s/Laura Andersen
                           Laura Andersen, RMR
12                         Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

                   Laura Andersen, RMR 704-350-7493